# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY HENDERSON, ) ) Petitioner, ) ) v. ) ) JASON BRYANT, Warden ) James Crabtree Correctional ) Center, ) ) Respondent. ) | Case No. CIV-17-30-R |

## REPORT AND RECOMMENDATION

Petitioner, a state inmate appearing pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his sentence computation on grounds he was entitled to credits he earned while on parole which were "not revoked by the governor." CIV-16-383-R, Doc. 1, at 7. This Court dismissed the petition without prejudice based on nonexhaustion of administrative remedies. *Id*., Docs. 14-16. Petitioner has now filed a second § 2241 petition, making the same allegation, Doc. 1, and United States District Court Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent moves for dismissal on two grounds, nonexhaustion of administrative remedies and expiration of the statute of limitations, Docs. 15-16, and Petitioner objects. Doc. 17. For the reasons

discussed below, the court should again find Petitioner failed to exhaust his administrative remedies and should dismiss the petition without prejudice.[1]

## I. Petitioner's failure to exhaust administrative remedies.

"The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). The exception is narrow, and exists only if "a petitioner can demonstrate that exhaustion is futile." *Id.* To accomplish administrative exhaustion, Petitioner was required to seek relief first to the facility head, then with an appeal of that decision to the office of the administrative review authority. *See* Doc. 16, at 8 & Ex. 10.

In his petition, Petitioner explains he filed a grievance but officials rejected it, in part because his was "an issue that is [not] grievable to the Oklahoma Department of Corrections [("DOC")]." Doc. 1, at 2 & Att. 2, at 1.

---

[1] Respondent focuses heavily on the petition's alleged untimeliness; however, his motion to dismiss relies on Petitioner discovering the factual predicate underlying the claim on October 31, 2015, and Respondent has only *assumed* Petitioner received a time sheet on or before that date. Doc. 16, at 4 (citing no evidence), 8 (arguing "assuming Petitioner received the time sheet on October 31, 2015, Petitioner is . . . out of time"). Petitioner disputes that assumption, arguing he did not discover officials were not granting him the relevant credits until he received his 2015 credits summary in January 2016. Doc. 17, at 1-3. In light of the factual dispute, and the inability to pinpoint (at this stage of the proceedings) exactly when Petitioner understood officials were not granting him the relevant credits, the undersigned finds dismissal is more appropriate on grounds of nonexhaustion of administrative remedies.

2

Based on that notation, Petitioner says he did *not* seek review from a higher authority because it was "futile." Doc. 1, at 2-3; Doc. 17, at 4-5.

This Court and the Tenth Circuit have recently addressed a similar situation in *Campbell v. Jones*, __ F. App'x __, 2017 WL 1337202 (10th Cir. 2017). There, officials at the facility level informed the prisoner he had "waived or forfeited his participation in the grievance process" so he proceeded to federal court without filing an appeal. *Id.* at *3. The inmate argued the facility-head's language made it futile to attempt an appeal to the administrative review authority, but this Court disagreed, finding plaintiff had failed to completely exhaust his administrative remedies. *Id.* The Tenth Circuit affirmed the ruling, noting while the prison official had "incorrectly" informed plaintiff he had waived his participation in the grievance process, "[plaintiff] did not avail himself of a final appeal to the [administrative review authority], who might have rectified the error and granted his requests." *Id.*

The holding in *Campbell* compels dismissal here. It is likely officials incorrectly informed Petitioner he could not grieve an alleged credit miscalculation to the DOC. *See, e.g.*, Doc. 16, Ex. 10, at 6 (listing approved grievance categories, including "Records/Sentence Administration"). And officials may or may not have been incorrect when they further said his request to staff and grievances were out of date and improperly completed. *See* Doc. 1, Att. 2, at 1 (listing four reasons for rejecting Petitioner's grievance). But like

3

in *Campbell*, the administrative review authority could have corrected any facility errors on appeal, and, contrary to Petitioner's bald claim otherwise, *see* Doc. 17, at 6, could have corrected its alleged misinterpretation or misapplication of state law on his credit calculation.[2] Petitioner did not give prison authorities that opportunity, so the court should again dismiss Petitioner's § 2241 petition, without prejudice, based on nonexhaustion of administrative remedies. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (noting that in *Jones v. Bock*, 549 U.S. 199, 221-24 (2007), the Supreme Court instructed that courts should "dismiss the unexhausted claims without prejudice").

## II. Recommendation and notice of right to object.

The undersigned recommends the court grant Respondent's motion to dismiss, Docs. 15-16, and dismiss Petitioner's § 2241 petition without prejudice for failure to exhaust administrative remedies. This recommendation, if adopted, will moot Petitioner's request for appointment of counsel, Doc. 1, Att. 1, and pending motion for summary judgment, Doc. 18.

---

[2] Petitioner also argues the DOC administrative review authority cannot *change* state law and thus it cannot grant him any relief. Doc. 17, at 5-6. However, Petitioner does not directly challenge Okla. Stat. tit. 57, § 516; instead, he challenges DOC's *interpretation and application* of § 516. Doc. 1, *passim*.

4

The undersigned advises the parties of their right to file an objection to this report and recommendation with the Clerk of this Court by June 20, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral.

ENTERED this 1st day of June, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE